The opinion of the court was delivered by
Manning, 0. J.
Walter Henry died in Mexico, leaving property in' New Orleans. His sister, Bridget Kelleher, lives here, and applied for administration, but it appears was unable to give bond. Shortly after this application was made, and before it was acted on, Nicholas B. Trist applied for administration, alleging that he was the attorney-in-fact and agent of Mrs. Kelleher, who was unable to give bond, and that her procuration empowered him to represent her in all matters touching this succession, and to accept it for her, but with benefit of inventory only,, and authorized him to apply for administration in his own name. The public administrator opposed this application, .and claimed the administration.
The Public Administrator is to be appointed to administer intestate-successions, when there is no surviving husband or wife, or heir present or represented. Sess. Acts 1870, p. 120. He is also to administer vacant successions, but this is notin that class. An heir is present. And an heir-being present, the applicant argues that because of that circumstance, the public administrator cannot be appointéd.
The office of administrator was unknown to the civil law. It considers the heir the representative of the succession, and modifies his. responsibility or changes his relation to it, as he shall have accepted it-with or without the benefit of inventory. Eor successions that have no heirs present or represented, it appoints curators.
At common law, the heir had nothing to do with a considerable part of an estate i. e. the personalty. Eor the settlement of that, an administrator was always appointed, and when he paid over, after settling-debts (if there were any) and costs and charges, it was to the distributees. These distributees might be, and were often the same persons as-the heirs, but they were known by a different designation. So com *556 pletely did that system separate the heir, as heir and eo nomine, from the personalty.
In our Oodes, these two systems are partially blended, and the blending has not added to the simplicity of either. This composite nature of our law is perceived in all the articles of the Oivil Code containing the regulations of the benefit of inventory and the delays for deliberating. The regulations are made for the heirs primarily, (arts.-1025 — 1033 new nos. 1032 — 1040) and then suddenly and by an abrupt transition, provision is made for an Administrator, and to all appearance without •a new emergency or contingency occasioning it. art. 1034 new no. 1041. Among these rules is this; — If the beneficiary heirs are absent, but represented in the State, their attorneys in fact can claim in the name of their constituents, the preference for the administration over every 'Creditor of the succession, provided they have a special power to accept or reject this succession, or a general power to accept or reject all suc'Cessions which may fall to their principals, art. 1038 new no. 1045. _ In Chew v. Flint, 7 La. 395 this court said; — “ This part of the Code regulates the administrations of successions accepted with benefit of inventory, and gives to the heir at law the preference over all others in the .administration. He administers, not for the exclusive interest of creditors, but has in his own right the residuary interest in the estate. The 'Code therefore, even in cases of his absence, does not exclude him, but his attorney in fact is authorized to demand the administration in his name, on furnishing the' necessary security.” Ibid. 403. That this privilege is exceptional, and was not given to creditors was ruled in Sue. Petit, 9 Annual, 207, where it was held that an agent or attorney in fact of a creditor is not entitled to a preference over strangers. In ■Sue. Bernard, 3 Annual, 565, the court thought the appointment by the lower judge of a legatee as administrator, at the request of several of the heirs, was the exercise of a sound discretion, and in Sue. Huie, 23 Annual, 401, the heir had n.ot requested the appointment of any one, but merely opposed the appointment of an applicant.
The Act of 1870 introduced a new aspirant for these appointments, •and gives him the exclusive right to them in certain cases. One is, •when there is no heir present. There is an heir present to this succession, and therefore the Public Administrator has not the right to this appointment. And if the Code does not exclude an heir from appointment as administrator, even in case of his absence, but authorizes his ••attorney-in-fact to demand it in his name, how much more does it allow such demand, when he is present. We say allow and not compel. For .as this succession is not one of those that the Public Administrator is designated to administer, and the present heir is not an applicant for its .administration, the case falls under the general laws for such appoint *557 ments, and the court having cognisance of the matter has a discretion to exercise, as in the Bernard succession.
The demand of the Opponent was properly rejected, and the discretion exercised by the lower judge in appointing the applicant, Trist, appears to be sound.
Judgment affirmed.
Behearing refused.